# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICKEY WHITE,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 20-296-RAW-KEW |
| | ) |
| **SCOTT CROW, DOC Director,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

On August 27, 2020, Petitioner, a pro se state prisoner who is incarcerated at Davis Correctional Center in Holdenville, Oklahoma, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He currently is serving a life sentence for first degree murder in Choctaw County District Court Case No. CRF-81-83. Petitioner raises the following four grounds for relief:

Ground I:  The Ex Post Facto Clause was violated when new guidelines increased the sentencing range for his crime. He claims he was sentenced under the "one-third law sentence" for a life sentence, which provided that he would be eligible for parole after serving one-third of his sentence or 15 years. In addition, his annual parole reviews now are every three years.

Ground II: Newly-discovered evidence shows that Petitioner's life sentence is invalid, because the parole system violated the Ex Post Facto Clause by amending the trigger for the "one-third law sentence" for a life sentence. The change created a significant risk of

increasing his life sentence and postponing his parole date.

Ground III: The Supreme Court held that the Sixth and Fourteenth Amendments require that juries be drawn from a fair cross-section of the community. The trial court, however, did not draw the jury names from jury wheels or a pool of names, and the jury selected was a violation of the fair cross-section requirement. There was no record of when and where the jury names were selected. This is discrimination and violated the Equal Protection Clause.

Ground IV: Petitioner's trial counsel was not present when the names were drawn from the jury wheels and panels. There also was no indication of the date and location of the jury selection. The trial court violated Oklahoma law and the Sixth and Fourteenth Amendments.

The Court has carefully reviewed the petition and construes Petitioner's allegations liberally. *See Haines v. Kerner*, 404 U.S. 519 (1972). It is clear, however, that Petitioner has included habeas claims that fall under both 28 U.S.C. § 2241 and 28 U.S.C. § 2254. His claims concerning the execution of his sentence and his parole are properly raised in this § 2241 action. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). The claims challenging the validity of his conviction or sentence, including his claims concerning the jury and trial counsel, however, must be presented in a separate petition pursuant to § 2254. *See id*. Therefore, Petitioner must file an amended petition pursuant to 28 U.S.C. § 2241.

Within fourteen (14) days of the entry of this Opinion and Order, Petitioner shall file

on this Court's form a proper amended petition for a writ of habeas corpus pursuant to 42 U.S.C. § 2241, raising only the claims related to his parole. He may not include any claims concerning his conviction or sentence imposed by the trial court, including claims concerning the selection of his jury or his trial counsel.

**ACCORDINGLY**,

1. Petitioner is directed to file within fourteen (14) days an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on this Court's form, in accordance with the Court's instructions.

2. The Court Clerk is directed to send Plaintiff a form for filing an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

3. Failure to comply with this Opinion and Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 18th day of September 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma