**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **RICKEY WHITE,** )<br>  )<br>   Petitioner, )<br>  )<br> v.  )<br>  )<br> **JIM FARRIS, Warden,** )<br>  )<br>   Respondent. ) | **Case No. CIV 20-296-RAW-KEW** |

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 as barred by the statute of limitations (Dkt. 20). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma. He is attacking the execution of his life sentence in Choctaw County District Court Case No. CF-81-83 for First Degree Murder. He raises the following grounds for relief:

> 1. Petitioner['s] newly-discovered evidence that his life sentence is invalid because the parole system violated the Ex Post Facto Clause by amending the trigger for the "one-third law sentence" for the life sentence. . . .
>
> 2. Newly-discovered evidence shows Petitioner['s] life sentence is unlawful and invalid when parole system violated Ex Posto [sic] Clause by amending the trigger for the one-third law sentence. . . .
>
> 3. [Petitioner] must be grandfather[ed] under the one-third law sentence because he was sentence[d] under the one-third law sentence provided him to be eligible for parole every year after serving one-third of his sentence or 15 years. . . .
>
> 4. [Petitioner's] life sentence is invalid and Petition[er's] one-third law sentence is unconstitutional because [the] parole system violated the Ex Post Facto Clause by amending the trigger with the one-third law sentence. The new guidelines sentence of the parole system change the facts and circumstance on Petitioner['s] one-third sentence . . . making Petition[er] wait every three years for parole. . . .

(Dkt. 10 at 6-8).

In sum, Petitioner is complaining that while he originally received annual parole consideration, he now receives parole consideration every three years because of a change in Oklahoma law that he contends is being unlawfully applied to him. The law at issue undoubtedly is Okla. Stat. tit. 57, § 332.7(A)(1) (Supp. 2018). Under that statute, inmates who committed a crime "prior to July 1, 1999 . . . shall be eligible for consideration for parole" under one of four triggers, the first being completion of "one-third (1/3) of the sentence." *Id.*

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). The pertinent portion of the statute reads as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(D). The one-year limitation period also applies to § 2241 habeas corpus actions. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

In *Burger*, the Tenth Circuit Court of Appeals held that the petitioner's § 2241 petition, which also challenged the constitutionality of § 332.7 under the Ex Post Facto Clause, "was governed by § 2244(d)(1)(D), thus starting a one-year limitations period on . . . the undisputed date Burger learned of the change in his parole reconsideration date." *Id.*, 317 F.3d at 1138.

In another case applying an identical claim to 28 U.S.C. § 2244(d)(1), the Tenth Circuit has held that a petitioner "knew or easily could have discovered the factual predicate of his claim--that his parole consideration was now governed under the amended § 332.7-- after his first parole review under the amended § 332.7 . . . ." *Maynard v. Chrisman*, 568 F.

2

App'x 625, 626 (10th Cir. 2014). The Tenth Circuit went on to note that the petitioner also could have discovered the factual predicate of his claim when more than a year elapsed after his last parole review. *Id.*, 568 F. App'x at 627.

Here, the record shows that on January 19, 1999, Petitioner filed a mandamus action before the Oklahoma Supreme Court in Case No. M-99-140, challenging the change to triennial parole review (Dkt. 21-2 at 145; Vol. II, 361). He, therefore, clearly was aware of the change in the frequency of parole consideration. The mandamus action was transferred to the Oklahoma Court of Criminal Appeals (OCCA), which declined jurisdiction on February 22, 1999. *Id*.

As discussed above, the factual predicate underlying Petitioner's § 2241 claims were known to Petitioner in 1999, more than 20 years before he commenced this action on August 27, 2020. Even allowing for tolling while he pursued the 1999 mandamus action, his habeas petition is untimely.

Although Plaintiff argues his claims are based on newly-discovered evidence, this attempt to reset the dates for § 2244(d)(1)(D) are conclusory, and he fails to set forth what evidence he has discovered. He also fails to present anything resembling "due diligence" in pursuing his claims. Further, the record shows he understood the legal significance of the facts to some extent, because he was aware enough to pursue a challenge in Case No. M-99-140.

Petitioner complains in his response to the motion to dismiss (Dkt. 24) that the respondent has failed to respond to the merits of his habeas claims. He reiterates that his sentence is invalid, and he requests an evidentiary hearing. Petitioner, however, does not address Respondent's argument that this action is barred by the statute of limitations. Therefore, the Court finds Respondent's motion to dismiss must be GRANTED.

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss time-barred petition (Dkt. 20) is GRANTED, and Petitioner is DENIED a certificate of appealability. All remaining pending motions are DENIED as moot.

**IT IS SO ORDERED** this 24th day of May 2021.

Ronald A. White
United States District Judge
Eastern District of Oklahoma